**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
Jonathan Hensley

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HENSLEY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EQUIDATA, INC., <br><br> Defendant. | **Case No.** 2:17-cv-2606 <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of EQUIDATA, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.    Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

3.    Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California and Plaintiff resides within Los Angeles County and this district.

## PARTIES

4.    Plaintiff, Jonathan Hensley ("Plaintiff"), is a natural person residing Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (10).*

5.    Defendant, Equidata, Inc. ("Defendant"), is third party account receivables entity, commonly known as a collection agency, with its corporate headquarters in Newport News, Virginia and is a "person" as defined by *47 U.S.C. § 153 (10).*

## FACTUAL ALLEGATIONS

6.    Beginning in or around January of 2017, Defendant began placing numerous telephone calls to Plaintiff's cellular telephone number ending in 0727, seeking to collect an alleged debt owed not by Plaintiff, but some unknown third party.

7.    Defendant's automated collection calls often came from telephone numbers:  757-873-3200 and/or 800-888-2274.

8.    In sum, at present, Defendant has placed approximately ten (10) calls to Plaintiff's cellular telephone seeking to collect the alleged debt owed by someone other than Plaintiff.

9.    On numerous occasions when Plaintiff failed to answer Defendant's calls, including calls on January 13, 2017, February 1, 2017, February 15, 2017 (3x), March 15, 2017 and March 29, 2017, Defendant placed the same verbatim pre-recorded and/or artificial voicemail message for Plaintiff:

> Hello, this is Mrs. Duncan, a debt collector from Equidata. I have a very important personal business matter to discuss with you.  Please be advised, this is not a telemarketing call.  At the end of this message, you will receive a reference number.  Write this number down as it will help identify the purpose of this call.  Please dial Monday through Friday 757-873-3200 or toll free 800-888-2274 between the hours of 8am and 8pm eastern time.  Please ask for Mrs. Duncan and refer to reference number 4626918.  Again, call 757-873-3200 or toll free 800-888-2274.  Thank you.

10.    Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff.

11.    Defendant used an artificial or prerecorded voice to place its calls to Plaintiff.

12.    The voicemail messages Plaintiff received were created using a pre-recorded and/or artificial voice.  As it is highly unlikely that Defendant's representative manually dialed Plaintiff's telephone number and subsequently placed a prerecorded message when Plaintiff did not answer.  Defendant's use of an artificial or prerecorded message indicates that Defendant's call was placed with an automatic telephone dialing system.

13.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14.    Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

15.    Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with his cellular telephone number for any purpose. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system and/or prerecorded or artificial voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16.    As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's and the putative class' privacy;

b. Electronically intruding upon Plaintiff's and the putative class' seclusion;

c. Intrusion into Plaintiff's and the putative class' use and enjoyment of their cellular telephones;

d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff and the putative class have as to complete ownership and use of their cellular telephones;

e. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

1

## **CLASS ALLEGATIONS**

2    17.    Plaintiff brings this action on behalf of himself and all others similarly

3 situated, as a member of the proposed class (hereafter "The Class") defined as

4 follows:

5

6    All persons within the United States who received any
telephone calls from Defendant or Defendant's agent/s

7    and/or employee/s to said person's cellular telephone
made through the use of any automatic telephone dialing

8    system and/or artificial or prerecorded voice within the
four years prior to the filing of this Complaint where said

9    person had not previously consented to receive such calls

10

11

12    18.    Plaintiff represents, and is a member of, The Class, consisting of All

13 persons within the United States who received any telephone calls from Defendant

14 or Defendant's agent/s and/or employee/s to said person's cellular telephone made

15 through the use of any automatic telephone dialing system and/or artificial or

16 prerecorded voice within the four years prior to the filing of this Complaint where

17 said person had not previously consented to receive such calls.

18    19.    Defendant, its employees and agents are excluded from The Class.

19 Plaintiff does not know the number of members in The Class, but believes the Class

20 members number in the hundreds, if not more.  Thus, this matter should be certified

21 as a Class Action to assist in the expeditious litigation of the matter.

22    20.    The Class is so numerous that the individual joinder of all of its

23 members is impractical.  While the exact number and identities of The Class

24 members are unknown to Plaintiff at this time and can only be ascertained through

25 appropriate discovery, Plaintiff is informed and believes and thereon alleges that

26 The Class includes hundreds of members.  Plaintiff alleges that The Class members

27 may be ascertained by the records maintained by Defendant.

28

21.    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time and data for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

22.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system and/or artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

23.    As a person that received calls from Defendant using an automatic telephone dialing system and/or prerecorded or artificial voice without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

24.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of consumer class actions generally and under the TCPA.

25.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

27.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act,**

**47 U.S.C. §227 et seq.**

28.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30.    As a result of Defendant's negligent violations of *47 U.S.C. § 227 et*

*seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

31.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

32.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

34.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

35.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: April 5, 2017

**MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff